1 | Geoffrey S. Sheldon, Bar No. 185560
gsheldon@lcwlegal.com
2 | Elizabeth T. Arce, Bar No. 216687
earce@lcwlegal.com
3 | Jeffery E. Stockley, Bar No. 166438
jstockley@lcwlegal.com
4 | LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5 | 6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
6 | Telephone:  310.981.2000
Facsimile:   310.337.0837
7 |
Attorneys for Defendant COUNTY OF LOS ANGELES
8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

| BRYAN HUNT, individually, and | Case No.: |
| on behalf of all others similarly | |
| situated, | Complaint Filed: June 18, 2021 |
| Plaintiff, | |
| | **NOTICE OF REMOVAL OF ACTION** |
| v. | **UNDER 28 U.S.C. 1441(A) (FEDERAL** |
| | **QUESTION)** |
| CITY OF LOS ANGELES, a | |
| municipal entity; COUNTY OF | |
| LOS ANGELES, a public entity; | |
| DOES 1 through 100, inclusive, | |
| Defendant. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant COUNTY OF LOS ANGELES

("Defendant") hereby removes to this Court the state court action described below.

1.     On June 18, 2021, Bryan Hunt, individually, and on behalf of all

others similarly situated (collectively "Plaintiffs") filed a Complaint ("Complaint")

for damages with the Superior Court of the State of California in and for the County

of Los Angeles entitled *Bryan Hunt v. County of Los Angeles, et al.*, Case Number

21 STCV 23052, a copy of which is attached hereto as Exhibit "A."

2.     Defendant was served with a copy of the Complaint on July 1, 2021

which set forth the following four causes of action:

1

1.     Violations of the Private Attorneys Gene; Act ("PAGA") California Labor Code § 2698 et seq.;

2.     Unfair Business Practices (California Bus. & Prof. Code §§ 17200, et seq.);

3.     Failure to Pay Minimum Wages in Violation of Fair Labor and Standards Act ("FLSA") 29 U.S.C. § 206(a);

4.     Failure to Pay Overtime Wages In Violation of FLSA 29 U.S.C. §§ 207and 216.

5.     A true and correct copy of all other pleadings filed in the State Court in this matter is attached hereto as Exhibit "B."

6.     This action is removable to the District Court under 28 U.S.C. §1441(a) because two of the causes of action pled in the Complaint based on violations of the FLSA arise under the laws of the United States, to which this Court has original jurisdiction under 28 U.S.C. § 1331.  The remaining two state claims are based on the same nucleus of operative facts as the two causes of action made under the laws of the United States, to which this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

7.     This NOTICE OF REMOVAL OF ACTION is filed with the District Court within thirty (30) days after receipt by Defendant of the Complaint, that for the first time set forth the claims for relief upon which removal of this action or proceeding could be based in accordance with 28 U.S.C. section 1446(b).  See 28 U.S.C. § 1446(b)(3) ("…if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

8.     Defendant is providing prompt notice to all adverse parties of the filing of this NOTICE OF REMOVAL and will file a copy of the NOTICE with the Clerk

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1  of the Los Angeles County Superior Court.

2      9.    For all these reasons, the above-described action now pending in the

3  Superior Court of the State of California for the County of Los Angeles should be

4  removed to this District in accordance with the provisions of 28 U.S.C. §§ 1331,

5  1367(a), 1441, and 1446(a) and (b).

6      10.    Defendant is unaware if purported Co-Defendant City of Los Angeles

7  has been served.  The proof of service filed by Plaintiff in the Superior Court only

8  reflects service on Defendant and not the City of Los Angeles (see Proof of Service

9  attached in Exhibit "B").   In any event, Plaintiff Bryan Hunt and the putative

10  plaintiffs he alleges are similarly situated to him were employed by the County of

11  Los Angeles, not the City of Los Angeles.

12

13  Dated:  July 27, 2021              LIEBERT CASSIDY WHITMORE

14

15

16                  By:                        

17                          Geoffrey S. Sheldon
                           Elizabeth T. Arce

18                          Jeffery E. Stockley
                           Attorneys for Defendant
                           COUNTY OF LOS ANGELES

19

20

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3

# EXHIBIT A

**ORIGINAL**

SUM-100

## SUMMONS   **BY FAX**
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

**JUN 18 2021**

Sherri R. Carter, Executive Officer/Clerk of Court
By _Kristina Vargas_ , Deputy
Kristina Vargas

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a public entity; DOES
1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRYAN HUNT, individually, and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
**21STCV23052**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles M. Ray, Esq: 17671 Irvine Blvd. Ste 208, Tustin, CA 92780; 949-734-7333

DATE:
*(Fecha)* **JUN 18 2021**

**SHERRI R. CARTER**

Clerk, by _Kristina Vargas_ , Deputy
*(Secretario)* Kristina Vargas *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

06/22/2021

53

**ORIGINAL**

1  RAY & SEYB, LLP
   CHARLES M. RAY, SBN 282440
2  SPENCER SEYB, ESQ. SBN 282501
   17671 Irvine Blvd Suite 208
3  Tustin, CA 92780
   Telephone: 949-274-7535
4  Facsimile: 949-274-8151
   c.ray@rayseyb.com
5
6  Attorneys for Plaintiffs

**FILED**
Superior Court of California
County of Los Angeles

**JUN 1 8 2021**

Sherri R. Carter, Executive Officer/Clerk of Court
By _Kristina Vargas_ , Deputy
Kristina Vargas

7           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                    COUNTY OF LOS ANGELES

9

10 BRYAN HUNT, individually, and on behalf
   of all others similarly situated,

11                                              Case No. **21STCV23052**
                                                [Before the Hon. _____]
12         Plaintiffs,
                                                UNLIMITED JURISDICTION
13 vs.
                                                **CLASS ACTION - COMPLAINT FOR**
14 CITY OF LOS ANGELES, a municipal            **DAMAGES, PENALTIES, ATTORNEYS'**
   entity; COUNTY OF LOS ANGELES, a           **FEES AND DEMAND FOR JURY TRIAL.**
15 public entity; DOES 1 through 100, inclusive,
                                                1.   Violations of the Private Attorneys General
16         Defendants.                               Act ("PAGA") Labor Code § 2698 et seq.;

17                                              2.   Unfair Business Practices (Bus. & Prof.
                                                    Code §§ 17200, et seq.);
18
                                                3.   Failure to Pay Minimum Wages in
19                                                  Violation of FLSA 29 U.S.C. § 206(a);
20
                                                4.   Failure to Pay Overtime Wages In Violation
21                                                  of FLSA 29 U.S.C. §§ 207and 216.
22
23
24
25
26
27
28

                                1
                    COMPLAINT FOR DAMAGES

## I. **INTRODUCTION**

Defendants the CITY OF LOS ANGELES and the COUNTY OF LOS ANGELES owe Plaintiffs BRYAN HUNT, and members of the Plaintiff Class, monies for violations of California Labor Code, respecting their employment with Defendants CITY OF LOS ANGELES and THE COUNTY OF LOS ANGELES FIRE DEPARTMENT.

In this action, Plaintiffs seek to recover damages on behalf of themselves and similarly situated professional fire personnel, who are employed by Defendants the CITY OF LOS ANGELES and the COUNTY OF LOS ANGELES, for violations of the California wage and hour law, arising from Defendants' unlawful conduct, including: the failure to pay wages, overtime compensation, and reporting time pay; the failure to reimburse employees for all necessary expenses and losses incurred in connection with their employment; the failure to furnish accurate wage statements and keep accurate payroll records; and other legal obligations.

## II. **THE PARTIES**

1. Plaintiff, BRYAN HUNT, is an individual, was at all times relevant to these claims a resident of the State of California, County of Los Angeles. Plaintiff, BRYAN HUNT brings this action, on behalf of himself, and all others similarly situated, as a class action pursuant to California Code of Civil Procedure § 382. Such a representative action is necessary to recover monies owed by Defendants to Plaintiffs for Defendants' violation of California Labor Code.

2. The CITY OF LOS ANGELES is a municipality, responsible for the safety and welfare of residents and/or visitors of Los Angeles. The CITY OF LOS ANGELES, as a public entity violated laws within the State of California and the County of Los Angeles with an address of 500 West Temple St. Room 383 Kenneth Hahn Hall of Administration, Los Angeles, CA 90012.

3. COUNTY OF LOS ANGELES is a public entity responsible for the safety and welfare of residents and/or visitors of County of Los Angeles and maintains the LOS ANGELES COUNTY FIRE DEPARTMENT. The COUNTY OF LOS ANGELES, as a public entity violated laws within the State of California in the County of Los Angeles. The LOS ANGELES COUNTY FIRE DEPARTMENT is a public agency responsible for protecting the public and providing emergency

---

2
COMPLAINT FOR DAMAGES

1   assistance to residents and/or visitors of Los Angeles and is responsible for the issues raised by this

2   lawsuit with an address of 1320 N Eastern Ave, Los Angeles, CA 90063.

3   4.   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

4   Defendant LOS ANGELES COUNTY FIRE DEPARTMENT individually, and as is ignorant of

5   the true names and capacity of Defendants sued herein as DOES 1 - 50 inclusive, and therefore

6   sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their

7   true names and capacities when ascertained.

8   5.   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

9   Defendant LOS ANGELES COUNTY FIRE DEPARTMENT is informed and believes and based

10   thereon alleges that each fictitiously named Defendant is responsible in some manner for the

11   injuries to Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees

13   of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT as alleged herein, and that

14   such alleged injuries were proximately caused by each fictitiously named Defendants.

15   6.   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

16   Defendant LOS ANGELES COUNTY FIRE DEPARTMENT is informed and believes, and

17   thereon alleges, that at all times material herein the Defendants, and each of them, were the agents,

18   servants, or employees, or ostensible agents, servants, and employees of each other Defendant, and

19   as such, were acting within the course and scope of said agency and employment or ostensible

20   agency and employment, except on those occasions when Defendants were acting as principals, in

21   which case, said Defendants, and each of them, were negligent in the selection, hiring, and use of

22   the other Defendants.

23   7.   Whenever in this Complaint an act or omission of a corporation or business entity is alleged, said

24   allegation shall be deemed to mean and include an allegation that the corporation or business entity

25   acted or omitted to act through its authorized officers, directors, agents, servants, and/or

26   employees, acting within the course and scope of their duties, that the act or omission was

27   authorized by corporate managerial officers or directors, and that the act or omission was ratified

28   by the officers and directors of the corporation.

---

3

COMPLAINT FOR DAMAGES

### III. AGENCY AND CONCERT OF ACTION

8. Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT is informed and believes, and thereon alleges, that at all times material herein the Defendants, and each of them, were the agents, servants, or employees, or ostensible agents, servants, and employees of each other Defendant, and as such, were acting within the course and scope of said agency and employment or ostensible agency and employment, except on those occasions when Defendants were acting as principals, in which case, said Defendants, and each of them, were negligent in the selection, hiring, and use of the other Defendants. At all times mentioned herein, each of the Defendants was the co-tortfeasor of each of the other Defendants in doing the things hereinafter alleged.

9. Plaintiffs are further informed and believe that at all relevant times hereto, Defendants, and each of them, acted in concert in furtherance of the interests of each other Defendant. The conduct of each Defendant combined and cooperated with the conduct of each of the remaining Defendants so as to cause the herein described incidents and resulting injuries and damages to Plaintiffs.

### IV. CLASS ACTION ALLEGATIONS

10. Plaintiff BRYAN HUNT, individually, brings claims for violations of California Labor Code, on behalf of himself and on behalf of the Plaintiff Class pursuant to California Code of Civil Procedure § 382. Such a representative action is necessary to recover monies owed by Defendants to Plaintiffs for Defendants' violation of California Labor Code. The class, which Plaintiffs seek to represent, is composed of and defined as follows:

    A.    All persons who are, or were, sworn Fire Personnel in the LOS ANGELES COUNTY FIRE DEPARTMENT.

    B.    All persons who are, or were, sworn Fire Personnel in the LOS ANGELES COUNTY FIRE DEPARTMENT during the period of which the violations as alleged herein occurred.

11. Excluded from the proposed class are Defendants, any entities in which any of the Defendants have a controlling interest, and the Fire Personnel in the LOS ANGELES COUNTY FIRE DEPARTMENT, directors, affiliates, attorneys, heirs, predecessors and successors in interest,



1    subsidiaries, employees, agents and/or assigns of any of the Defendants.

2    12.    Pursuant to the provisions of California Code of Civil Procedure § 382 because there is a well-

3    defined community of interest in the litigation and the proposed class is easily ascertainable:

4    A.    **Numerosity**: The Plaintiff CLASS ("Plaintiff CLASS") is so numerous that the individual

5          joinder of all members is impracticable under the circumstances of this case. While the

6          exact number of class members is unknown to Plaintiffs at this time and can only be

7          ascertained through discovery, Plaintiffs believe that there are at least 200 total members of

8          the proposed class of Los Angeles County Fire Personnel, such that the Joinder of all

9          members of the plaintiff class is not practicable.

10   B.    **Common Questions Predominate**: Common questions of law and fact exist as to all

11         members of the Plaintiff CLASS and predominate over any questions that affect only

13         individual members of the class.

14   i.    These common questions of fact include, without limitation as to others, pertain to

15         all persons who are, or were, sworn Fire Personnel in the LOS ANGELES

16         COUNTY FIRE DEPARTMENT during the period of which the violations as

17         alleged herein occurred who were lodged, during the duration of their quarantine.

18   a.    Required to stay at the hotels 6.5 days a week due to an incident;

19         and, because it was an incident, portal to portal application

20         engages;

21   b.    Even if members are 207K qualifying, the additional hours unpaid

22         are not covered (207K are Qualifying personnel that can work up

23         to 53 hours per week, or up to 212 hours in a 28-day work period,

24         before overtime is required).

25   c.    They were paid 40 hours a week, with no over time.

26   ii.   Common questions of law without limitation as to others, pertain to all persons who

27         are, or were, sworn Fire Personnel in the LOS ANGELES COUNTY FIRE

23         DEPARTMENT during the period of which the violations as alleged herein

---

5

COMPLAINT FOR DAMAGES

occurred who were lodged, during the duration of their quarantine, as follows:

    a.    Violations of the Private Attorneys General Act ("PAGA") Labor Code § 2698 et seq.

    b.    Failure to Pay Overtime Compensation – Labor Code §§ 510 and 1194.

    c.    Failure to Allow and Pay For Meal And Rest Periods (Lab. Code §§ 226.7, 512).

    d.    Failure to Provide Accurate Itemized Wage Statements – California Labor Code §§ 226 and 226.3.

    e.    Failure to Keep Required Records (Lab. Code § 1174).

    f.    Unfair Business Practices (Bus. & Prof. Code §§ 17200, et seq.).

C.    **Typicality**: There is a well-defined community of interest among the members of the proposed class. Named Plaintiffs, like all other members of the class, relied upon the law of the State of California respecting the labor force, and appropriate compensation with respect to employees. The factual bases of Defendants' misconduct are common to all members of the class and represent a common practice of wrongful conduct potentially resulting in damages to all members of the class. Named Plaintiffs' claims are typical of the claims of the members of the Plaintiff class. Plaintiffs and all members of the Plaintiff class sustained injuries and damages arising out of the common course of conduct of Defendants, and each of them, in violation of law as complained of herein. The injuries and damages of each member of the Plaintiff class were caused directly by Defendants' wrongful conduct in violation of law as alleged herein.

D.    **Adequacy**: Plaintiffs will fairly and adequately protect the interests of the members of the Plaintiff class. Plaintiffs have retained counsel who has substantial experience and success in the prosecution of complex class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the class and have the financial resources necessary to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the class.

E.   **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest, confirmation of a right protected by the California Constitution as described hereinabove, will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of identical factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system and protects the rights of each class member.

13.   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT is unaware of any difficulties likely to be encountered in management of this action that would preclude its maintenance as a class action pursuant to California Code of Civil Procedure § 382.

14.   As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT are owed minimum wage and liquidated damages, overtime compensation, reporting time pay, reimbursement of business expenses, compensation for missed meal periods, waiting time penalties, statutory interest and other penalties under California law.

15.   The precise amount of these damages will be proved at trial.

7

COMPLAINT FOR DAMAGES

16.    An award of attorney fees to Plaintiffs, if successful against Defendants, is appropriate under California Code of Civil Procedure § 1021.5 for this action, which if successful will result in the enforcement of an important right affecting the public interest, and (a) a significant benefit, whether pecuniary or non-pecuniary, will be conferred on the Fire Fighters of Los Angeles with respect to the appropriate compensation pursuant to California Labor Code; (b) the necessity and financial burden of private enforcement will be such as to make the award appropriate; and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

## V.  JURISDICTION AND VENUE

17.    Plaintiff BRYAN HUNT has complied with and exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures. Plaintiff has complied with the claim presentation requirement of California Government Code sections 945.4 and 912.4. Plaintiff filed a government claim with the City of Los Angeles on or about September 27, 2016, which was denied by inaction on or about January 26, 2021.

18.    In addition to these administrative procedures, Plaintiff BRYAN HUNT also recognized Cal. Gov. Code § 905 which states as follows regarding required notices as they apply to wage claims for public employees:

905.   There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) all claims for money or damages against local public entities <u>except</u> any of the following:

(c) Claims by public employees for fees, salaries, <u>wages</u>, mileage, or other expenses and allowances.

19.    Plaintiff BRYAN HUNT informed Defendants of this provision and still received a second denial notice regarding the same on February 18, 2021.

20.    The Court has jurisdiction over all causes of action asserted against The COUNTY OF LOS ANGELES and the LOS ANGELES COUNTY FIRE DEPARTMENT as all claims arose in the COUNTY OF LOS ANGELES and involve governmental entities operating in the COUNTY OF LOS ANGELES.  The amount exceeds $25,000. Further, Plaintiffs seek attorney's fees under

1   California Code of Civil Procedure § 1021.5(a) as this is an action that qualifies as a Private

2   Attorney General action in light of the fact that Defendants, notified by Plaintiffs' counsel of their

3   violations of California Labor Code, and ignored inquiries from Plaintiffs.

4   21.   Venue is proper in this Court as each Defendant is proper in this judicial district pursuant to

5   California Code of Civil Procedure § 394(a) in that this action is against the CITY OF LOS

6   ANGELES and COUNTY OF LOS ANGELES, a County in California with common bounds, may

7   be tried in the county in which the city is situated. The acts complained of herein occurred in the

8   County of Los Angeles.

9   ## VI.   **FACTUAL BACKGROUND**

10   22.   Violations of California Labor Code occurred from March of 2020 through May 2020, with a loss

11   in pay.  Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of

13   the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT, first became aware of these

14   violations, in or about, the first week July of 2020 after consulting with other firefighters similarly

15   situated and hearing additional statement from management.

16   23.   From March to May 2020, Plaintiff BRYAN HUNT, individually, and as representative of the

17   Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT, were

18   required to physically stay on site at the hotel where Plaintiff BRYAN HUNT, individually, and as

19   representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE

20   DEPARTMENT were required to lodge, during the duration of their quarantine. During this time,

21   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

22   Defendant LOS ANGELES COUNTY FIRE DEPARTMENT received compensation for an 8-

23   hour shift of employment, only.

24   24.   Beginning in March of 2020, Plaintiff BRYAN HUNT, individually, and as representative of the

25   Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT were

26   required to stay in hotels at the direction of senior staff and management due to the COVID-19

27   pandemic. In doing so, claimant and others similarly situated were always under the control of

28   Defendants and were to conduct themselves in accordance with the directives and limitations of

---

9

COMPLAINT FOR DAMAGES

1    what they could or could not do or go.

2    25.    Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

3    Defendant LOS ANGELES COUNTY FIRE DEPARTMENT, abided by these directives as it was

4    presented and given to be as conditions of their employment.

5    26.    Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

6    Defendant LOS ANGELES COUNTY FIRE DEPARTMENT are informed and believe, and

7    thereon allege that management staff for those overseeing himself and others similarly situated

8    made the decision to not compensate Plaintiff BRYAN HUNT, individually, and as representative

9    of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT for

10   all hours worked.

11   27.    Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

13   Defendant LOS ANGELES COUNTY FIRE DEPARTMENT were required to abide by the

14   directives of management in that they were required to stay at a hotel for six out of the seven days

15   in a week. During those six days, Plaintiff BRYAN HUNT, individually, and as representative of

16   the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT were

17   required to stay in their rooms or required to perform certain tasks, in certain ways at all times. In

18   short, Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of

19   the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT assented to the control of

20   management, they did so for the primary benefit of management and in doing so were under the

21   control of management.

22   28.    From the moment Plaintiff BRYAN HUNT, individually, and as representative of the Class of

23   employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT reported to the

24   required academy training, every aspect of their lives was controlled and managed by Defendants

25   for the period of time noted as Sunday at approximate 6 pm to dismissal on the following Saturday

26   at approximately 5 pm. For this time period attendance was integral, indispensable and required by

27   Defendant LOS ANGELES COUNTY FIRE DEPARTMENT in order to complete the required

28   academy training.

29.   While in attendance for the required time as noted in paragraph 28, Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT were engaged to be confined and sequestered which eliminated their ability to enjoy personal pursuits due to the level of control by Defendants over every aspect of their lives. The amount of freedom was practically nonexistent for Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT because their options when not on academy grounds and at their hotel were limited to sequestration to their rooms or to the hallways on their floor to study with no exceptions and not by choice of the Plaintiffs. This level of control was for the primary benefit of Defendants due to the COVID-19 pandemic: Defendant LOS ANGELES COUNTY FIRE DEPARTMENT made the choice to quarantine Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT for the primary benefit to avoid infection of COVID-19 and allow for those passing the academy to be assigned to stations in county post-graduation.

30.   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT were not paid for all hours to which they were under the assent, benefit and control of management – in turn the LA County Fire Department.

31.   After quarantine was completed, and in July 2020, Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT first became aware that management staff were being paid for 24-hour shifts while Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT were not.

32.   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT were paid for approximately eight (8) hours a day during this time-period despite being required to abide by directives from senior staff and management for all hours of the day, i.e., twenty-four (24) hours. This directive came in

11
COMPLAINT FOR DAMAGES

1    conjunction with the requirement Plaintiff BRYAN HUNT, individually, and as representative of

2    the Class of employees of the Defendants were required to stay at a hotel in quarantine, at the

3    direction of Defendants as a condition of their employment, not being fairly, or adequately

4    compensated, while management staff were being compensated for 24-hour shifts. Plaintiff

5    BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant

6    LOS ANGELES COUNTY FIRE DEPARTMENT were not compensated for the remaining

7    sixteen (16) hours a day they were required to abide by Respondents' directives and orders as a

8    condition of their employment, as management staff was compensated.

9   33.   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

10     Defendant LOS ANGELES COUNTY FIRE DEPARTMENT was part of Class, No. 156 and

11     spent 46 days in quarantine.  Based upon information and belief, the persons affected by this

13     quarantine directive, affected, but certainly not limited to, Classes No.153 – through No. 160.  The

14     total due to each class member, is depended on each unpaid worker's rate of pay, at the time of the

15     quarantine.

16   34.   Later, in response to submission of his grievance for lack wages unpaid and related claims,

17     Plaintiff BRYAN HUNT was contacted by union representatives who, after being informed of the

18     situation and claims, declined to take further action.

19   35.   Finally, on March 3, 2021, Plaintiff BRYAN HUNT mailed a notice of claims pursuant to the

20     Private Attorney General's Act, or PAGA, to Defendant LOS ANGELES COUNTY FIRE

21     DEPARTMENT.

22             **VII.  FIRST CAUSE OF ACTION**

23     **Violations of the Private Attorneys General Act ("PAGA") (Lab. C. § 2698 *et seq.*)**

24          ***(By Plaintiffs, as against all Defendants)***

25   36.   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

26     Defendant LOS ANGELES COUNTY FIRE DEPARTMENT incorporates by this reference each

27     and every allegation contained in paragraphs 1 through 35, of this Complaint as though fully set

28     forth herein and alleges this First Cause of Action for Violations of the Private Attorneys General

---

12

COMPLAINT FOR DAMAGES

1    Act ("PAGA"); California Labor Code § 2698, et. seq.

2    37.    Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

3    Defendant LOS ANGELES COUNTY FIRE DEPARTMENT is an "aggrieved employee" under

4    PAGA, as he was employed by Defendant the City and County of Los Angeles during the

5    applicable statutory period and suffered one or more of the Labor Code violations set forth herein.

6    38.    Plaintiffs seek civil penalties pursuant to PAGA for violations by Defendant City of Labor Code §

7    1102.5 as set forth in this Complaint. Labor Code § 1102.5 is a specifically enumerated provision

8    contained within Labor Code § 2699.5 that permits the recovery of PAGA penalties.

9    39.    Pursuant to California Labor Code § 2699, Plaintiff should be awarded twenty-five percent (25%)

10   of all penalties due under California law, as well as attorneys' fees and costs.

11   40.    The precise amount of these damages will be proved at trial.

13                       **VIII.   SECOND CAUSE OF ACTION**

14             **Unfair Business Practices (Bus. & Prof. Code §§ 17200, et seq.)**

15                     ***(By Plaintiffs, as against all Defendants)***

16   41.    Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

17   Defendant LOS ANGELES COUNTY FIRE DEPARTMENT incorporates by this reference each

18   and every allegation contained in paragraphs 1 through 40, of this Complaint as though fully set

19   forth herein and alleges this Second Cause of Action for Unfair Business Practices.

20   42.    California Business & Professions Code § 17200 provides in pertinent part that "unfair

21   competition shall mean and include any unlawful, unfair or fraudulent business act...." In

22   particular, Defendants, and each of them committed the following acts:

23   A.       failing to pay Plaintiff BRYAN HUNT, individually, and as representative of the Class of

24             employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT wages for

25             all hours worked, as required by Labor Code §§ 1182.12, 1194 *et seq.*, 1197 *et seq.*

26   B.       failing to pay Plaintiff BRYAN HUNT, individually, and as representative of the Class of

27             employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT overtime

28             compensation for all hours worked over eight (8) in a day or forty (40) in a workweek, as

---

13

COMPLAINT FOR DAMAGES

1          required by Labor Code §§ 510, 1194 *et seq.*

2     C.    failing and refusing to provide meal periods and break periods to Plaintiff BRYAN HUNT,

3         individually, and as representative of the Class of employees of the Defendant LOS

4         ANGELES COUNTY FIRE DEPARTMENT as required by Labor Code §§ 226.7.

5     D.    failing to provide accurate itemized wage statements to Plaintiff BRYAN HUNT,

6         individually, and as representative of the Class of employees of the Defendant LOS

7         ANGELES COUNTY FIRE DEPARTMENT as required by Labor Code § 226.

8     E.    failing to maintain payroll records showing the actual hours worked each day by Plaintiff

9         BRYAN HUNT, individually, and as representative of the Class of employees of the

10         Defendant LOS ANGELES COUNTY FIRE DEPARTMENT as require by Labor Code §

11         1174 *et seq.*

13  43.   California Business & Professions Code § 17205 provides that unless otherwise expressly

14     provided, the remedies or penalties provided for unfair competition "are cumulative to each other

15     and to the remedies or penalties available under all other laws of this state."

16  44.   California Business & Professions Code § 17204 provides that an action for any relief from unfair

17     competition may be prosecuted by any person who has suffered injury in fact and has lost money

18     or property as a result of such unfair competition.

19  45.   Defendants, and each of them, have engaged in unlawful, unfair and fraudulent business acts or

20     practices prohibited by California Business & Profession Code § 17200, including those set forth

21     in the preceding and foregoing paragraphs of the Complaint, thereby depriving PLAINTIFF of the

22     minimum working standards and conditions due to him under California labor laws, as specifically

23     described herein.

24  46.   Defendants, and each of them, have engaged in unfair business practices in California by

25     practicing, employing and utilizing the employment practices described in more detail herein.

26  47.   Defendants, and each of their use of such practices constitutes an unfair business practice, unfair

27     competition and provides an unfair advantage over other municipalities and public entities within

28     the State of California.

---

48.   Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT seek full restitution from Defendants, and each of them, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants, and each of them, by means of the unfair practices complained of herein, including, but not limited to all unpaid wages, minimum wage, overtime pay, missed meal period compensation, missed rest period compensation and reporting time compensation.

49.   Further, if Defendants, and each of them, are not enjoined from the conduct set forth above, Defendants, and each of them, will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs. Therefore, Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT requests that the Court issue a preliminary and permanent injunction prohibiting Defendants, and each of them, from engaging in the conduct complained of herein.

50.   Defendants' conduct in directly violating the above-mentioned state laws, constitutes and was intended to constitute unfair competition, unfair compensation, and unlawful and unfair acts and practices within the meaning of the Unfair Competition Law.

51.   Through Defendants' wrongful and unlawful acts, they have acted contrary to the public policy of this State.

52.   As a result of their unlawful, unfair, and/or fraudulent acts, Defendants, and each of them, have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT.

53.   Therefore, under the provisions of the Unfair Competition Law and the Labor Code, Defendants, and each of them, should be enjoined from this activity and should provide restitution to Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT wrongfully withheld wages and other benefits pursuant to Business and Professions Code § 17203, and/or specific remedies available under §

1    17202, in a sum according to proof for the 4-year period preceding the filing of the complaint up to

2    and including the present. Accordingly, Plaintiff BRYAN HUNT, individually, and as

3    representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE

4    DEPARTMENT respectfully request that the Court award judgment and relief in her favor as

5    described herein.

## IX.   <u>THIRD CAUSE OF ACTION</u>

### FAILURE TO PAY WAGES

**Fair Labor Standards Act, 29 U.S.C. §201, et seq.**

***(By Plaintiffs, as against all Defendants)***

10   54.    Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

11       Defendant LOS ANGELES COUNTY FIRE DEPARTMENT incorporates by this reference each

13       and every allegation contained in paragraphs 1 through 53, of this Complaint as though fully set

14       forth herein and alleges this Third Cause of Action for Failure to Pay Wages.

15   55.    This cause of action is brought pursuant to 29 U.S.C. § 206, which provides that employees are

16       entitled to minimum wages and compensation for work performed. At all relevant times as set

17       forth herein, Plaintiffs and the Class members, as defined above, were entitled to receive minimum

18       wages for all hours worked. 29 U.S.C. § 206(a) provides in pertinent part: Every employer shall

19       pay to each of his employees who in any workweek is engaged in commerce or in the production

20       of goods for commerce, or is employed in an enterprise engaged in commerce or in the production

21       of goods for commerce, wages.

22   56.    At all times relevant herein, Defendant was required to compensate Plaintiffs and Plaintiff Class

23       for all hours worked. Defendants were aware of such non-payment of wages.

24   57.    Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs and Plaintiff Class members are entitled to

25       recover the full amount of unpaid minimum wages as well as liquidated damages equal to the

26       amount of unpaid compensation, interest, costs, and attorney's fees.

27   58.    At all relevant times Defendant acted directly or indirectly in the interest of an employer in relation

28       to Plaintiffs and Class members. Defendant was an "employer" of Plaintiffs and Class members as

1  "employer" is defined under 29 U.S.C. § 203. Defendant exercised meaningful control over the

2  work of Plaintiffs and Class members.

3  59.  Defendant, by failing to pay the discharged Plaintiffs and Class members minimum wages due and

4  owed to them, have violated 29 U.S.C. § 206.

5  60.  Plaintiffs are informed and believe and based thereon allege that Defendants' willful failure to

6  always pay a minimum wage herein mentioned was, in violation of 29 U.S.C. § 206. Defendants'

7  employment policies and practices wrongfully and illegally failed to compensate Plaintiffs and

8  Plaintiff Class for minimum wages earned as required by federal law.

9  61.  The conduct of Defendant and its agents and employees as described herein was willful,

10  oppressive, fraudulent and malicious, done in conscious disregard of Plaintiffs and Plaintiff Class

11  Members' rights, and done by managerial employees of Defendant.

13  62.  Such a practice and uniform administration of a failure to pay a minimum wage resulting in an

14  illegal employee compensation as described herein is unlawful and creates an entitlement to

15  recovery by Plaintiffs in a civil action, for the unpaid balance of the full amount of wages owed,

16  including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

17  63.  As a result of the unlawful acts of the Defendant, Plaintiffs and Class members have been deprived

18  of compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled

19  to recovery of such amounts, liquidated damages, and/or pre-judgment interest, attorney's fees and

20  costs, and other compensation allowable under 29 U.S.C. § 216(b).

21  **X.   FOURTH CAUSE OF ACTION**

22  **FAILURE TO PAY OVERTIME WAGES**

23  **Fair Labor Standards Act, 29 U.S.C. §§ 207 AND 216.**

24  ***(By Plaintiffs, as against all Defendants)***

25  64.  Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the

26  Defendant LOS ANGELES COUNTY FIRE DEPARTMENT incorporates by this reference each

27  and every allegation contained in paragraphs 1 through 63, of this Complaint as though fully set

28  forth herein and alleges this Fourth Cause of Action for Failure to Pay Overtime Wages.

---

17

COMPLAINT FOR DAMAGES

65. The FLSA (29 U.S.C., Section 207) requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per work week.

66. Plaintiffs are informed and believe and based thereon allege that Plaintiffs, and members of Class were not exempt from overtime pay in that they were classified as nonexempt by Defendant and were not exempt from overtime pay by any exception under Federal law.

67. Plaintiffs, and members of Class worked more than 40 hours per week, without being paid the proper overtime pay as required by the FLSA.

68. By the conduct described above, Defendant has failed to pay Plaintiffs and members of Class overtime compensation as required by Federal Law 29 U.S.C., Section 216 which states, "Any employer who violates the provisions of Section 206 or 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages."

69. Defendants' conduct in failing to pay overtime compensation as hereinabove alleged was willful, in that Defendants knew that their conduct violated the FLSA or showed reckless disregard as to whether its conduct violated the FLSA.

70. By reason of the above, Plaintiffs and members of Class demand additional compensation for all hours worked overtime in this matter until the date of entry of judgment at 1 ½ times their regular rate of pay, plus an equal amount for liquidated damages pursuant to 29 U.S.C. 216, plus interest thereon, plus reasonable attorney's fees and costs.

## XII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT, prays for relief as follows, jointly and severally from all Defendants CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a public entity; DOES 1 through 100, inclusive, as follows:

1. That the Court determine that this action may be maintained as a class action under California Code of Civil Procedure § 382, and define the Class as requested herein.

2.     Provision of class notice to all members of the CLASS.

3.     A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law: Business & Professions Code §§ 17200 *et seq.* by failing to pay proper minimum wage, overtime compensation, and reporting time pay under California law; provide meal periods; provide rest periods; by failing to provide itemized statements showing all hours worked and failing to keep accurate payroll records.

4.     A declaratory judgment that Defendants' violations described above were willful.

5.     An equitable accounting to identify, locate, and restore to Plaintiffs and the CLASS the wages due.

6.     An award to Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT and the CLASS in the amount of unpaid wages and liquidated damages thereon, overtime compensation, reporting time pay, missed meal period compensation, missed break period compensation, including interest thereon, subject to proof at trial.

7.     An order requiring Defendants to pay restitution of all amounts owed to Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT and the CLASS for Defendants' failure to pay all wages, overtime compensation, reporting time pay, missed meal periods, missed rest periods pursuant to California Business & Professions Code § 17203.

8.     An award of reasonable attorneys' fees and costs, pursuant to Labor Code §§ 226 and 1194, Code of Civil Procedure § 1021.5 and/or other applicable law and Private Attorneys General Act, California Labor Code §§ 558, 2698- 2699.5 and the Fair Labor Standards Act.

9.     Any, and other further relief as this Court deems just and proper.

### VII.    DEMAND FOR JURY TRIAL

Plaintiff BRYAN HUNT, individually, and as representative of the Class of employees of the Defendant LOS ANGELES COUNTY FIRE DEPARTMENT and the CLASS hereby demand a trial by jury.

///

1 | Respectfully submitted,

DATED: June 16, 2021

**RAY & SEYB LLP**

By:

Attorney for Plaintiff

Bryan Hunt and those similarly situated.

---

20
COMPLAINT FOR DAMAGES

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/18/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ K. Vargas _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV23052 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Elihu M. Berle | 6 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/22/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By K. Vargas _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

26

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

CM-010

**ORIGINAL**

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
RAY & SEYB LLP
Charles M. Ray SBN 282440
17671 Irvine Blvd., Ste 208, Tustin, CA 92780

TELEPHONE NO.: 949-734-7333    FAX NO. *(Optional):* c.ray@rayseyb

ATTORNEY FOR *(Name):* Plaintiff BRYAN HUNT

**FILED**
Superior Court of California
County of Los Angeles

**JUN 18 2021**

Sherri R. Carter, Executive Officer/Clerk of Court

By _Kristina Vargas_ Deputy
        Kristina Vargas

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
HUNT vs. CITY OF LOS ANGELES, et. al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **21STCV23052** JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Four
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 16, 2021

Charles M. Ray, Esq.
_____
(TYPE OR PRINT NAME)

▶ _Charles M. Ray_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

BY FAX

06-22-2021

26

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                              **CIVIL CASE COVER SHEET**                              Page 2 of 2

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**     [ Print this form ]  [ Save this form ]                    [ Clear this form ]



# ORIGINAL

| SHORT TITLE: BRYAN HUNT vs. CITY OF LOS ANGELES, et. al. | CASE NUMBER 21STCV23052 |
|---|---|

**BY FAX**

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☑ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

80

| SHORT TITLE: BRYAN HUNT vs. CITY OF LOS ANGELES, et. al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: BRYAN HUNT vs. CITY OF LOS ANGELES, et. al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: BRYAN HUNT vs. CITY OF LOS ANGELES, et. al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: □ 1. □ 2. ☑ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. ☑ 11. | ADDRESS: 500 West Temple St. Room 383 Los Angeles, CA 90012 |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Stanley Mosk Courthouse _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 16, 2021 _____

*Charles M. Ray*

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

06-22-2021

# EXHIBIT B



**FILED**
Superior Court of California
County of Los Angeles

**JUL 15 2021**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Marisela Fregoso

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

BRYAN HUNT, individually, and on behalf of all others similarly situated,

                              Plaintiff(s),

    vs.

CITY OF LOS ANGELES, a municipal entity;
COUNTY OF LOS ANGELES, a public entity;
DOES 1 through 100, inclusive,

                              Defendant(s).

Case No.:  21STCV23052


**INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)**

Case Assigned for All purposes to
Judge Elihu M. Berle

Department 6
Date: August 19, 2021
Time: 1:30 a.m.

-1-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

83

1    This case has been assigned for all purposes to Judge Elihu M. Berle in the

2  Complex Litigation Program.  An Initial Status Conference is set for August 19, 2021, at

3  1:30 a.m. in Department 6 located in the Los Angeles Superior Courts at United States

4  Courthouse at 312 N. Spring Street, Los Angeles, California 90012.

5    Counsel for all parties are ordered to attend the Initial Status Conference remotely

6  via LA COURT CONNECT. The attorney portal can be found on the Court's website at

7  lacourt.org. NO PERSONAL APPERANCES WILL BE ALLOWED, unless special

8  permission is granted upon appropriate application.

9    Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order

10  on all parties, within five (5) days of service of this order.  If any defendant has not yet

11  been served in this action, service is to be completed within twenty (20) days of the date of

12  this order.

13    The Court orders counsel to prepare for the Initial Status Conference by identifying

14  and discussing the central legal and factual issues in the case.  Counsel for plaintiff is

15  ordered to initiate contact with counsel for defense to begin this process.  Counsel then

16  must negotiate and agree, as possible, on a case management plan.

17    Counsel must file a Joint Initial Status Conference Statement seven (7) calendar

18  days before the Initial Status Conference.  The Joint Initial Status Conference Statement

19  must be filed on line-numbered pleading paper and must specifically address each of the

20  below numbered items.  Do not use the Judicial Council Form CM-110 (Case Management

21  Statement).

22    **1.  PARTIES AND COUNSEL:** Please list all presently named plaintiffs

23      and/or class representatives and presently named defendants, together with all

24      counsel of record, including counsel's contact and email information.

25    **2.  ELECTRONIC SERVICE OF PAPERS:** for administrative efficiency

26      and conservation of resource for the parties and court, the complex program

27      requires the parties in every new case to use a third-party cloud service, such as:

28      ■ Case Anywhere (www.caseanywhere.com),

-2-
INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

1   ■  CaseHomePage (www.casehomepage,com), or

2   ■  File&ServeXpress (www.lexisnexis.com/fileandserve).

3   The parties are to select one of these vendors and submit the parties' choice

4   when filing the Joint Initial Status Conference Statement.  If the parties cannot

5   agree, the court will select the vendor at the Initial Status Conference.

6   Electronic service is not the same as electronic filing.  Only traditional methods

7   of filing by physical delivery of original papers or by fax filing are presently

8   available.

9   **3. CLAIMS AND DEFENSES:**  Set forth a brief description of the core factual

10   and legal issues, derived from Plaintiff's claims and defendant's defenses.

11   **4. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently

12   intend to add more plaintiffs and/or class representatives?  If so, and if known, by what

13   date and by what name will these parties be identified? Does any plaintiff presently intend

14   to name more defendants?  If so, and if known, by what date and by what name will these

15   defendants be identified?   Does any appearing defendant presently intend to file a cross-

16   complaint?  If so, who will be named as a cross-defendant?

17   **5. IMPROPERLY NAMED DEFENDANT(S):**  Does any party contend that

18   the complaint names the wrong person or entity, please explain.

19   **6. (For class actions) ADEQUACY OF PROPOSED CLASS**

20   **REPRESENTATIVE(S):**  Does any party contend one or more named plaintiffs might

21   not be an adequate class representative. If so, please explain.

22   **7. (For class actions) FOR CLASS ACTIONS ESTIMATED SIZE:**  What is

23   the estimated size of the putative class?

24   **8. (For class actions) OTHER ACTIONS WITH OVERLAPPING CLASS**

25   **DEFINITIONS:**  Are there other cases with overlapping class definitions? If so, please

26   identify the court, the short caption title, the docket number, and the case status.

27

28

-3-

**9. ARBITRATION AGREEMENTS AND/OR CLASS ACTION WAIVER CLAUSES:** Does any party contend there is an arbitration agreement and/or class action waiver. If so, please discuss.

**10. POTENTIAL EARLY CRUCIAL MOTIONS:** Are there any issues that can be identified and resolved early. If so, please identify and set forth proposed procedures for resolution.

**PLEASE NOTE: By stipulation a party may move for summary adjudication of a legal issues or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty. (C.C.P. § 437c(t)).**

**11. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should consider the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Counsel are to discuss a plan of discovery. In class actions, prior to class certification, the court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**13. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Counsel are requested to discuss ADR and proposed neutrals to conduct such proceedings.

**15. TIMELINE FOR CASE MANAGEMENT:** Counsel to propose future dates for:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

-4-

**PENDING FURTHER ORDERS OF THIS COURT,** and except as otherwise provided in this Initial Status Conference Order, *__these proceedings are stayed, except for service of summons and complaint and filing of Notice of Appearance.__* This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. Any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, any affirmative defense, and the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case. Although the stay applied to discovery, this stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case.

Dated: **JUL 1 5 2021**

_____

HON. ELIHU M. BERLE
JUDGE OF THE SUPERIOR COURT

-5-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

99

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 6

**21STCV23052**                                                    July 15, 2021
**BRYAN HUNT vs CITY OF LOS ANGELES, et al.**                      2:07 PM

Judge: Honorable Elihu M. Berle                CSR: None
Judicial Assistant: M. Fregoso                 ERM: None
Courtroom Assistant: D. McKinney               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s):  No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has randomly assigned this case to this department
for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
08/19/2021 at 01:30 PM in this department. At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. The Initial Status Conference Order is to help the Court and
the parties manage this complex case by developing an orderly schedule for briefing, discovery,
and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex
litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 6

**21STCV23052**                                                    July 15, 2021
**BRYAN HUNT vs CITY OF LOS ANGELES, et al.**                       2:07 PM

Judge: Honorable Elihu M. Berle          CSR: None
Judicial Assistant: M. Fregoso           ERM: None
Courtroom Assistant: D. McKinney         Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

PARTIES SHALL FILE A JOINT INITIAL STATUS CONFERENCE REPORT 7 DAYS PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Mailing is attached.

Minute Order                                                       Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/15/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Fregoso _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Bryan Hunt | |
| DEFENDANT/RESPONDENT:<br>City of Los Angeles et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV23052 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Initial Status Conference) of 07/15/2021, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Charles Mele Ray
Ray & Seyb, LLP
17671 Irvine Blvd
Suite 208
Tustin, CA  92780

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/15/2021

By: _M. Fregoso_____
      Deputy Clerk

55ι-6

# ORIGINAL

RAY & SEYB, LLP
CHARLES M. RAY, SBN 282440
SPENCER SEYB, ESQ. SBN 282501
17671 Irvine Blvd
Suite 208
Tustin, CA 92780
Telephone: 949-274-7535
Facsimile: 949-274-8151
s.seyb@rayseyb.com

Attorney for Plaintiffs

FILED
Superior Court of California
County of Los Angeles

JUL 1 9 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ S. DREW _____ Deputy

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

BRYAN HUNT, individually, and on behalf
of all others similarly situated,

    Plaintiffs,

vs.

CITY OF LOS ANGELES, a municipal
entity; COUNTY OF LOS ANGELES, a
public entity; DOES 1 through 100, inclusive,

    Defendants.

Case No.:21STCV23052
[Before the Hon. Elihu M. Berle]


**PROOF OF SERVICE**

**BY FAX**

---

1
PROOF OF SERVICE

05

1
2
3
4
5 **PLEASE SEE ATTACHED.**
6
7
8
9
10
11
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring.Street Courthouse, Department 6

**21STCV23052**
**BRYAN HUNT vs CITY OF LOS ANGELES, et al.**

July 15, 2021
2:07 PM

Judge: Honorable Elihu M. Berle
Judicial Assistant: M. Fregoso
Courtroom Assistant: D. McKinney

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 08/19/2021 at 01:30 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**

Central District, Spring Street Courthouse, Department 6

**21STCV23052**                                                                July 15, 2021
**BRYAN HUNT vs CITY OF LOS ANGELES, et al.**                                  2:07 PM

Judge: Honorable Elihu M. Berle               CSR: None
Judicial Assistant: M. Fregoso                ERM: None
Courtroom Assistant: D. McKinney              Deputy Sheriff: None

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

PARTIES SHALL FILE A JOINT INITIAL STATUS CONFERENCE REPORT 7 DAYS PRIOR TO THE INITIAL STATUS CONFERENCE.

Certificate of Mailing is attached.

---

Minute Order                                                                Page 2 of 2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**JUL 15 2021**

Sherri R. Carter, Executive Officer/Clerk
By Marisela Fregoso, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

BRYAN HUNT, individually, and on behalf of all others similarly situated,

Plaintiff(s),

vs.

CITY OF LOS ANGELES, a municipal entity;
COUNTY OF LOS ANGELES, a public entity;
DOES 1 through 100, inclusive,

Defendant(s).

Case No.: **21STCV23052**

**INITIAL STATUS CONFERENCE ORDER
(COMPLEX LITIGATION PROGRAM)**

Case Assigned for All purposes to
Judge Elihu M. Berle

Department 6
Date: August 19, 2021
Time: 1:30 a.m.

-1-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

1       This case has been assigned for all purposes to Judge Elihu M. Berle in the

2 Complex Litigation Program.  An Initial Status Conference is set for August 19, 2021, at

3 1:30 a.m. in Department 6 located in the Los Angeles Superior Courts at United States

4 Courthouse at 312 N. Spring Street, Los Angeles, California 90012.

5       Counsel for all parties are ordered to attend the Initial Status Conference remotely

6 via LA COURT CONNECT. The attorney portal can be found on the Court's website at

7 lacourt.org. NO PERSONAL APPERANCES WILL BE ALLOWED, unless special

8 permission is granted upon appropriate application.

9       Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order

10 on all parties, within five (5) days of service of this order.  If any defendant has not yet

11 been served in this action, service is to be completed within twenty (20) days of the date of

12 this order.

13       The Court orders counsel to prepare for the Initial Status Conference by identifying

14 and discussing the central legal and factual issues in the case.  Counsel for plaintiff is

15 ordered to initiate contact with counsel for defense to begin this process.  Counsel then

16 must negotiate and agree, as possible, on a case management plan.

17       Counsel must file a Joint Initial Status Conference Statement seven (7) calendar

18 days before the Initial Status Conference.  The Joint Initial Status Conference Statement

19 must be filed on line-numbered pleading paper and must specifically address each of the

20 below numbered items.  Do not use the Judicial Council Form CM-110 (Case Management

21 Statement).

22       **1. PARTIES AND COUNSEL:** Please list all presently named plaintiffs

23          and/or class representatives and presently named defendants, together with all

24          counsel of record, including counsel's contact and email information.

25       **2. ELECTRONIC SERVICE OF PAPERS:** for administrative efficiency

26          and conservation of resource for the parties and court, the complex program

27          requires the parties in every new case to use a third-party cloud service, such as:

28          ■ Case Anywhere (www.caseanywhere.com),

-2-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

1   ■ CaseHomePage (www.casehomepage.com), or

2   ■ File&ServeXpress (www.lexisnexis.com/fileandserve).

3   The parties are to select one of these vendors and submit the parties' choice

4   when filing the Joint Initial Status Conference Statement. If the parties cannot

5   agree, the court will select the vendor at the Initial Status Conference.

6   Electronic service is not the same as electronic filing. Only traditional methods

7   of filing by physical delivery of original papers or by fax filing are presently

8   available.

9   **3. CLAIMS AND DEFENSES:** Set forth a brief description of the core factual

10   and legal issues, derived from Plaintiff's claims and defendant's defenses.

11   **4. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently

12   intend to add more plaintiffs and/or class representatives? If so, and if known, by what

13   date and by what name will these parties be identified? Does any plaintiff presently intend

14   to name more defendants? If so, and if known, by what date and by what name will these

15   defendants be identified? Does any appearing defendant presently intend to file a cross-

16   complaint? If so, who will be named as a cross-defendant?

17   **5. IMPROPERLY NAMED DEFENDANT(S):** Does any party contend that

18   the complaint names the wrong person or entity, please explain.

19   **6. (For class actions) ADEQUACY OF PROPOSED CLASS**

20   **REPRESENTATIVE(S):** Does any party contend one or more named plaintiffs might

21   not be an adequate class representative. If so, please explain.

22   **7. (For class actions) FOR CLASS ACTIONS ESTIMATED SIZE:** What is

23   the estimated size of the putative class?

24   **8. (For class actions) OTHER ACTIONS WITH OVERLAPPING CLASS**

25   **DEFINITIONS:** Are there other cases with overlapping class definitions? If so, please

26   identify the court, the short caption title, the docket number, and the case status.

27

28

-3-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

**9. ARBITRATION AGREEMENTS AND/OR CLASS ACTION WAIVER CLAUSES:** Does any party contend there is an arbitration agreement and/or class action waiver. If so, please discuss.

**10. POTENTIAL EARLY CRUCIAL MOTIONS:** Are there any issues that can be identified and resolved early. If so, please identify and set forth proposed procedures for resolution.

**PLEASE NOTE: By stipulation a party may move for summary adjudication of a legal issues or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty. (C.C.P. § 437c(t)).**

**11. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should consider the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Counsel are to discuss a plan of discovery. In class actions, prior to class certification, the court generally allows discovery on matters relevant to class certification, which depending on circumstances, sometimes may include some factual issues also touching the merits.

**13. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Counsel are requested to discuss ADR and proposed neutrals to conduct such proceedings.

**15. TIMELINE FOR CASE MANAGEMENT:** Counsel to propose future dates for:

- The next status conference,
- A schedule for alternative dispute resolution,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

-4-

INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM)

1     **PENDING FURTHER ORDERS OF THIS COURT,** and except as otherwise

2  provided in this Initial Status Conference Order, ***these proceedings are stayed, except for***

3  ***service of summons and complaint and filing of Notice of Appearance.*** This stay shall

4  preclude the filing of any answer, demurrer, motion to strike, or motions challenging the

5  jurisdiction of the Court. Any defendant may file a Notice of Appearance for purposes of

6  identification of counsel and preparation of a service list. The filing such a Notice of

7  Appearance shall be without prejudice to any challenge to the jurisdiction of the Court,

8  substantive or procedural challenges to the Complaint, any affirmative defense, and the

9  filing of any cross-complaint in this action. This stay is issued to assist the Court and the

10  parties in managing this "complex" case. Although the stay applied to discovery, this stay

11  shall not preclude the parties from informally exchanging documents that may assist in

12  their initial evaluation of the issues presented in this case.

13

14

15

16

17                                     **ELIHU M. BERLE**

18

19  Dated:  **JUL 1 5 2021**  _____

20                              HON. ELIHU M. BERLE

                               JUDGE OF THE SUPERIOR COURT

21

22

23

24

25

26

27

28

-5-

## PROOF OF SERVICE

1 | STATE OF CALIFORNIA, COUNTY OF ÒRANGE

2 | I certify and declare as follows:

3 |     I am employed in the County of Orange, State of California.  I am over the age of 18 and
not a party to the within action; my business address is 17671 Irvine Blvd. Ste. 208, Tustin, CA
4 | 92780.

5 |     On **July 19, 2021**, I served:

6 |     **Los Angeles County Court's Initial Status Conference Notice.**

7 | on the party(ies) of record by mailing a copy of these documents was dispatched on this date
below.

8 |

9 |     County of Los Angeles                 Named Defendant
    500 West Temple St., Room 383 Los
10 |     Angeles, CA 90012

11 |

12 |     I declare under penalty of perjury under the laws of the State of California that the

13 | foregoing is true and correct.

14 | DATED: July 19, 2021                 By:    /s/ Charles M. Ray

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

PROOF OF SERVICE
1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  **6033 West Century Boulevard, 5th Floor, Los Angeles, California 90045.**

On **July 27, 2021**, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(A) FEDERAL QUESTION)** in the manner checked below on all interested parties in this action addressed as follows:

Charles M. Ray
Spencer Seyb
**RAY & SEYB, LLP**
17671 Irvine Blvd., Ste. 208
Tustin, CA 92780
Telephone: 949.274.7535
Facsimile: 949.274.8151
Email: c.ray@rayseyb.com

☑ **(BY U.S. MAIL)**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from jsteer@lcwlegal.com to the email address(es) set forth above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY ELECTRONIC SERVICE PROVIDER)**  I am readily familiar with the firm's practice for filing electronically.  Through use of True Filing, an electronic service provider, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

Executed on **July 27, 2021**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


_/s/ June Steer_
June Steer

Liebert Cassidy Whitmore
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045